**IT IS SO ORDERED.**

**Dated: 9 April, 2024 11:34 AM**

Suzana Krstevski Koch
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 23-12690 |
| ) | |
| WILLIE JACKSON, JR., ) | Chapter 13 |
| ) | |
| Debtor. ) | Judge Suzana Krstevski Koch |
| ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| ) | **CIVIL CONTEMPT ORDER WITH** |
| ) | **SANCTIONS FOR FAILURE TO** |
| ) | **FOLLOW WAGE ORDER** |
| ) | |

This cause is before the Court following a Show Cause Hearing held on February 15, 2024 during which employer Interstate Freight Carriers, LLC admitted that it failed to submit to the Chapter 13 Trustee wages withheld from its employee Debtor Willie Jackson, Jr.'s pay pursuant to this Court's Order Upon Employer Directing Deductions from Debtor-Employee's Wages, Combined with Related Orders (the "Wage Order") (ECF No. 8) filed August 16, 2023.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. Proceedings relating to enforcement of this Court's own orders are core proceedings that this Court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(O); see 28 U.S.C. § 157(b)(2)(J). "Section 105 undoubtedly vests bankruptcy courts with statutory contempt powers." *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 n. 1 (6th Cir. 2000). It is well established that Congress granted the bankruptcy courts civil contempt power to enforce its orders. *In re Braun*, 152 B.R. 466, 474 (N.D. Ohio 1993).

## BACKGROUND

Debtor filed his petition for relief under Chapter 13 of Title 11 on August 7, 2023. On August 16, 2023, the Wage Order was issued, directing Debtor's employer, Interstate Freight Carriers, LLC ("Interstate Freight") to submit $494.00 each month from Debtor's wages to the Chapter 13 Trustee. The Wage Order included the Chapter 13 Trustee's address, instructions for how to make the check payable, what information to include on the check, and an alternative electronic funds submission option using an online payment method. Notice of the Wage Order was mailed to Interstate Freight to their principal place of business on August 18, 2023.

On December 13, 2023, Debtor filed a Motion for Contempt and requested this Court enter an Order to Show Cause Why Interstate Freight Should Not Be Held in Contempt for Failure To Comply with the Wage Order (the "Contempt Motion") (ECF No. 22). Debtor alleged that for each weekly paycheck, starting September 8, 2023, Interstate Freight had been withholding $125 each week but not paying those funds over to the Chapter 13 Trustee. Interstate Freight responded to the Contempt Motion on January 4, 2024 (the "Response") (ECF

2

23-12690-skk    Doc 39    FILED 04/09/24    ENTERED 04/10/24 09:45:38    Page 2 of 7

No. 26) explaining that it had inadvertently failed to submit the funds to the Chapter 13 Trustee, and it was in the process of submitting the funds using an online payment method. Interstate Freight included a screen shot (the "Screen Shot") of the online payment portal showing the transaction was "processing." ECF No. 26-1, Ex. A.

The Court held a hearing on the Contempt Motion on January 11, 2024. At the hearing, Interstate Freight, through counsel, repeated that it had submitted the withheld funds to the Chapter 13 Trustee using the online payment method approved by the Chapter 13 Trustee. Given the representations of counsel, the Court adjourned the hearing on the Contempt Motion for one week, to January 18, 2024, to allow time for the funds to be received by the Chapter 13 Trustee's Office.

The Contempt Motion was not withdrawn between January 11, 2024 and January 18, 2024, and the adjourned hearing was held on January 18, 2024.

At the January 18, 2024 hearing, the parties advised the Court that the funds sent to the Chapter 13 Trustee were returned to Interstate Freight as "not sufficient funds." The Court granted the Contempt Motion and entered an Order to Appear and Show Cause Why Interstate Freight Should Not Be Held in Contempt for Failure to Comply with the Wage Order.

The Show Cause Hearing was held on February 15, 2024. At the Show Cause Hearing, Interstate Freight admitted it withheld funds from Debtor's wages and did not pay those funds over to the Chapter 13 Trustee. Interstate Freight requested that the Court proceed directly to a hearing on sanctions, which the Court did, with Debtor's consent.

Interstate Freight offered to pay to the Chapter 13 Trustee the amounts it should have originally paid over, and to pay Debtor's counsel's reasonable attorney's fees in the amount of $1,000. Debtor agreed with Interstate Freight's proposal that Interstate Freight pay to the

Chapter 13 Trustee the amount that should have been originally paid as well as $1,000 for attorney's fees. The Court had questions about what prospective procedures would be implemented so that in the future Interstate Freight would not find itself out of compliance with a federal court order. Interstate Freight offered to file an Affidavit explaining what happened that it failed to comply with the Wage Order, and, more importantly, what safeguarding measures Interstate Freight would put in place so that future court orders are followed. The Court then provided Debtor the opportunity to file a Notice should Debtor wish to cross-examine Interstate Freight's affiant, and the Court advised the parties that if the Court had further questions, a hearing would be set.

On February 22, 2024, Interstate Freight filed its Affidavit (ECF No. 32). In its Affidavit, Interstate Freight explained that it did not submit Debtor's withheld wages to the Chapter 13 Trustee due to a combination of new staff, illness, issues with bookkeeping, and insufficient procedures. Interstate Freight Aff. Interstate Freight also explained that it has since hired a bookkeeper and ADP, in addition to training staff and maintaining adequate mail receiving procedures and safeguards for the future. Interstate Freight Aff.

Debtor did not file a Notice requesting the opportunity to cross-examine the Affiant. On March 1, 2024, Interstate Freight filed a Submission of Proposed Stipulation Entry (the "Stipulation") (ECF No. 34). In the Stipulation, Interstate Freight reiterated that it stipulates to a finding of contempt regarding its failure to submit withheld wages to the Chapter 13 Trustee, it will pay the outstanding balance to the Chapter 13 Trustee before the confirmation hearing, and it will pay $1,000 for Debtor's attorney's fees.

On March 12, 2024, Interstate Freight filed a Notice of Payment (ECF No. 37) advising that it paid the outstanding balance of $650 over to the Chapter 13 Trustee. On March 13, 2024, the Chapter 13 Trustee filed a Notice advising that she received $650. (ECF No. 38)

## LAW AND ANALYSIS

Federal Rule of Bankruptcy Procedure 9020 states, "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." The Bankruptcy Court's contempt power further arises from 11 U.S.C. § 105(a), which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The party seeking a contempt order "must establish three elements by clear and convincing evidence: (1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (*citing Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

Here, Interstate Freight admitted to the contempt, and so the discussion turns to the appropriate remedy.

Ordinarily, a fine for civil contempt must not exceed the actual damage to the complainant plus complainant's reasonable expenses in presenting the contempt to the court. *Winner Corp. v. H.A. Caesar & Co., Inc.*, 511 F.2d 1010, 1015 (6th Cir. 1975). Courts are accorded "wide discretion" in determining the amount of sanctions to impose. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375-76 (6th Cir. 1996).

Interstate Freight appropriately offered to pay the actual damages in full to the Chapter 13 Trustee. Interstate Freight also offered to pay Debtor's reasonable expenses in the amount of $1,000 for Debtor's attorney's fees. It did so, however, after misinforming the Court in its Response and at the January 11, 2024 hearing that the previously withheld funds had already been sent to the Chapter 13 Trustee. Interstate Freight even included the Screen Shot as evidence of its compliance.

The mal-effects of Interstate Freight's initial failure to submit the Debtor's withheld wages to the Chapter 13 Trustee include: (1) injury to the Debtor because his plan was not being funded, and (2) wasted time and expense by Debtor's counsel, the Chapter 13 Trustee and her Office, as well as the Court. Interstate Freight compounded this injury when it attempted to pay with insufficient funds. The Court's concern is not only that Interstate Freight failed to follow the Wage Order, but that Interstate Freight misrepresented to the Court the status of its attempts to purge the contempt. Interstate Freight withheld wages from the Debtor without paying those funds over to the Chapter 13 Trustee, then wrongly advised the Court (both in writing and orally at the January 11, 2024 hearing) that it had addressed this problem by sending the funds to the Chapter 13 Trustee. The time and expense expended on this matter was wholly unnecessary. The Court's profound concern over this matter is not allayed by Interstate Freight's Affidavit promising that Interstate Freight "understands the importance of having safeguards in place going forward." Interstate Freight Aff. ¶18.

The Court has considered whether sanctions in addition to the stipulated $1,000 in Debtor's attorney's fees are appropriate. *See, e.g., In re Stebbins*, 293 B.R. 113 (Bankr. W.D.N.Y. 2003) (querying whether owners of a closely held corporation may be personally liable for the corporation's failure to pay withheld wages over to the Chapter 13 Trustee). The

Court understands, however, that Interstate Freight hired counsel, hired a bookkeeper, engaged ADP for future payroll processing, and has addressed mail receiving procedures.

For Interstate Freight's failure to follow the Wage Order, the Court holds Interstate Freight in civil contempt, and awards actual damages for the full amount of unremitted funds, $650, together with legal fees in the amount of $1,000. Given that the $650 has been remitted in full, the $1,000 shall be paid directly to Debtor's counsel in immediately available funds (bank or certified check) within 14 days of entry of this Order. Debtor's counsel shall file a Notice to advise the Court of Interstate Freight's compliance within three business days after receipt of the $1,000. The Court may not rule so leniently should there be a future contempt action, and the Court continues to retain jurisdiction over this matter should there be any further compliance issues.

**IT IS SO ORDERED.**